UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILIAN ALEXANDER VASQUEZ LOPEZ,

Petitioner,

v.

Case No. 2:26-cv-2067-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, ATTORNEY GENERAL OF THE UNITED STATES,

Respondents,
_______________________________/

**ORDER**

Petitioner Wilian Alexander Vazquez Lopez is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and moved for a temporary restraining order (Doc. 2).[1] He seeks an immediate order enjoining "his transfer or removal from the United States" pending resolution of his habeas petition. (Doc. 2 at 1.)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

To the extent Lopez is asking this Court to stay his removal from the United States, the request is denied. The Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Lopez—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021). "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have

jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Because § 1252(g) removes this Court's power to act, to the extent Lopez's TRO seeks to enjoin his removal from the United States, it must be denied. *See, e.g.*, *Torres- Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

To the extent Lopez is seeking to only prohibit his transfer outside the Middle District of Florida, the answer is similarly no. "That's because a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025).

But even if there was jurisdiction, the request still falls short because Lopez has not shown an "irreparable injury [that is] neither remote nor

speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). He suggests that a transfer would impede resolution of his case. But that is simply wrong. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Lopez transfer to somewhere besides the Middle District of Florida is superfluous. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Finally, to the extent Lopez's TRO asks the Court to order his immediate release, that relief is similarly inappropriate. Since the Government has responded on the merits, there is no justification to disturb the status quo on an *ex parte* basis. Nor is the Court convinced Lopez's claims, as currently constituted, would surely warrant release.

While the Court takes Lopez's underlying liberty claims seriously, the specific stopgap measures he requests are not warranted on the facts or argument presented. Accordingly, his Motion for Temporary Restraining Order (Doc. 2) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on August 13, 2026.

Kyle C. Dudek
United States District Judge